STATE EX REL. WOODBURY COUNTY ANTI-SALOON LEAGUE, Appellant, v. ANNA TALBOTT et al., Appellees.

**APPEAL AND ERROR:** Abstract of Record—Evidence—Necessity. On appeal by plaintiff from an order discharging two of three defendants in an action to enjoin a disorderly house nuisance (Sec. 4944-h1, Suppl. Supp., 1915), the court may not, *in the absence of the evidence*, review the order of discharge on the appellant's presented theory that the court, having enjoined one defendant, ought to have enjoined all the defendants.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

MONDAY, JUNE 18, 1917.

SUIT in equity to enjoin a disorderly house nuisance. The suit was brought under the provisions of Sections 4944-h1 to 4944-h11, inclusive, Supplemental Supplement, 1915. This was the enactment of the thirty-sixth general assembly commonly known as the Red Light Injunction Statute. Three defendants, Talbott, De Roos and Valiquette, were named. After a full hearing, the trial court enjoined the defendant Anna Talbott, and dismissed the bill as to the other two defendants. From such order of dismissal, the plaintiff has appealed.—*Dismissed.*

*John F. Joseph,* for appellant.

No appearance for appellees.

EVANS, J.—The petition charged that
APPEAL AND
ERROR: ab-
stract of rec-
ord: evidence:
necessity.
the defendant Anna Talbott operated the
nuisance complained of; that the defendant
De Roos had an interest in the personal
property used in the operation of such nuisance; that the
defendant Valiquette was the owner of the real estate upon
which the same was operated; that De Roos and Valiquette
each had full knowledge of the maintenance of such nuis-
ance. It is further made to appear by the pleadings that
De Roos held a chattel mortgage on some or all of the
personal property in use by the defendant Anna Talbott,
and that the same was given to secure the purchase price
thereof. Each defendant answered separately with a gen-
eral denial and a special denial of any knowledge of the
existence of a nuisance upon said premises. The constitu-
tionality of the statute was attacked by both De Roos and
Valiquette, on various grounds, which we shall have no
occasion to consider.

There was a full hearing of evidence on the merits.
The case is triable here in equity, *de novo*. It does not ap-
pear that any of the evidence was preserved, and none is
presented in the abstract. The case is presented here by the
appellant on the theory that, inasmuch as the court found
a decree against the defendant Anna Talbott, it was bound,
as a matter of consistency, to find a like decree against
the other defendants, regardless of their actual participa-
tion in the offense, and regardless of their knowledge of
the offense by their codefendant.

If such general proposition were conceded, it would
not avail the appellant. It would amount only to saying
that the decree of the trial court involved an inconsistency,
in that it should have been against all of the defendants
or against none. This might be a sufficient showing of
error, but whether such error was adverse to the plaintiff
would depend upon an examination of the evidence. The

appellant argues the appeal upon the assumption that the decree of guilt against the defendant Talbott is a final adjudication as against all of the defendants, and that it does not need to be sustained on appeal by the presentation of the evidence in its support. The trouble with this position is that the dismissal of the action against these appellees left no adjudication against them. If the adjudication had been against them, they could have appealed. On such appeal, they could have been heard to deny the sufficiency of the evidence to show the guilt of the defendant Talbott. A finding by us of the insufficiency of the evidence to that end would operate as a complete protection to them. The trial court having dismissed the action below as to them, it left them nothing from which they could appeal. They are entitled, however, on this appeal of the plaintiff, to make precisely the same defense upon the merits of the evidence as they could have made as appellants if they had been beaten below. This is a sufficient indication of the necessity of the preservation of the evidence and of its presentation in the abstract here. Furthermore, one of the questions presented by the pleadings is whether the statute should be construed retroactively, so as to operate upon contracts entered into and continued innocently and in affirmative good faith. This is perhaps the most important question in the case, and is the least argued. If we should hold that good faith might be a material consideration in favor of the appellees, it could not be ascertained without an examination of the evidence. Upon the state of the record before us, we do not feel justified in making partial pronouncements as to the applicability of the statute in question, because in no event could the case be reversed upon the merits in the absence of the evidence. We have no argument for appellees. The appeal will be dismissed.—*Dismissed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.